IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02709-NYW-TPO

DENISE BOLTON,

Plaintiff,

v.

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

---

## ANSWER

---

Defendant Guardian Life Insurance Company of America ("Guardian"), through its attorneys, Franz Hardy and Abigail H. Kregor of the law firm of Gordon Rees Scully Mansukhani, LLP, submits this Answer to the Complaint.

### FIRST DEFENSE

1.     Guardian admits that this action is subject to the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001, *et seq.* ("ERISA").  Guardian denies any and all remaining allegations contained in Paragraph No. 1 of the Complaint.

2.     Guardian admits that this court has subject matter jurisdiction pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. § 1331.  Guardian denies any and all remaining allegations contained in Paragraph No. 2 of the Complaint.

3.     Guardian admits that venue is proper in this district.  Guardian denies any and all remaining allegations contained in Paragraph No. 3 of the Complaint.

4.      Guardian admits it is an insurance company.  It also admits that it is the payor of benefits and claims administrator for Group Plan No. G-00523756 issued to Thad B. Twiss DDS, PLLC.  Guardian denies any and all remaining allegations contained in Paragraph No. 4 of the Complaint.

5.      Guardian admits it is authorized to transact the business of insurance in Colorado and its registered agent is The Corporation Service Company.  Guardian denies any and all remaining allegations contained in Paragraph No. 5 of the Complaint.

6.      Guardian admits that Plaintiff Denise Bolton is a participant under the Plan. Guardian denies any and all remaining allegations contained in Paragraph No. 6 of the Complaint.

7.      Guardian admits that Plaintiff worked, *inter alia,* as a dental hygienist.  Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the remaining allegations contained in Paragraph No. 7 of the Complaint and, therefore, denies them.

8.      Guardian admits that Plaintiff worked, *inter alia,* as a dental hygienist.  Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the remaining allegations contained in Paragraph No. 8 of the Complaint and, therefore, denies them.

9.      Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 9 of the Complaint and, therefore, denies them.

10.     Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 10 of the Complaint and, therefore, denies them.

[2]

11. Guardian admits that Thad B. Twiss DDS, PLLC was the policyholder of the Plan. Guardian denies any and all remaining allegations contained in Paragraph No. 11 of the Complaint.

12. The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 12 of the Complaint is required. The Plan is included in the Administrative Record. To any extent a response is necessary, Guardian denies the allegations.

13. The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 13 of the Complaint is required. The Plan is included in the Administrative Record. To any extent a response is necessary, Guardian denies the allegations.

14. The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 14 of the Complaint is required. The Plan is included in the Administrative Record. To any extent a response is necessary, Guardian denies the allegations.

15. The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 15 of the Complaint is required. The Plan is included in the Administrative Record. To any extent a response is necessary, Guardian denies the allegations.

16. The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 16 of the Complaint is required. The Plan is included in the Administrative Record. To any extent a response is necessary, Guardian denies the allegations.

17. The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 17 of the Complaint is required. The Plan is included in the Administrative Record. To any extent a response is necessary, Guardian denies the allegations.

18.     The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 18 of the Complaint is required.  The Plan is included in the Administrative Record.  To any extent a response is necessary, Guardian denies the allegations.

19.     The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 19 of the Complaint is required.  The Plan is included in the Administrative Record.  To any extent a response is necessary, Guardian denies the allegations.

20.     The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 20 of the Complaint is required.  The Plan is included in the Administrative Record.  To any extent a response is necessary, Guardian denies the allegations.

21.     The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 21 of the Complaint is required.  The Plan is included in the Administrative Record.  To any extent a response is necessary, Guardian denies the allegations.

22.     The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 22 of the Complaint is required.  The Plan is included in the Administrative Record.  To any extent a response is necessary, Guardian denies the allegations.

23.     The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 23 of the Complaint is required.  The Plan is included in the Administrative Record.  To any extent a response is necessary, Guardian denies the allegations.

24.     The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 24 of the Complaint is required.  The Plan is included in the Administrative Record.  To any extent a response is necessary, Guardian denies the allegations.

[4]

25.    Guardian admits that the Plan is an employee benefit plan subject to ERISA. Guardian denies any and all remaining allegations contained in Paragraph No. 25 of the Complaint.

26.    Guardian admits that Plaintiff is a participant under the Plan subject to ERISA. Guardian denies any and all remaining allegations contained in Paragraph No. 26 of the Complaint.

27.    Guardian admits that it is the claims administrator under the Plan subject to ERISA. Guardian denies any and all remaining allegations contained in Paragraph No. 27 of the Complaint.

28.    Guardian admits it is a fiduciary under the Plan subject to ERISA.  Guardian denies any and all remaining allegations contained in Paragraph No. 28 of the Complaint.

29.    Guardian admits that Plaintiff's medical records reflect certain neck, back, and related treatment.  These medical records are contained in the Administrative Record and speak for themselves.  Guardian denies any and all remaining allegations contained in Paragraph No. 29 of the Complaint.

30.    Guardian admits that Plaintiff's medical records reflect certain neck, back, and related treatment.  These medical records are contained in the Administrative Record and speak for themselves.  Guardian denies any and all remaining allegations contained in Paragraph No. 30 of the Complaint.

31.    Guardian admits that Plaintiff's medical records reflect certain neck, back, and related treatment.  These medical records are contained in the Administrative Record and speak for themselves.  Guardian denies any and all remaining allegations contained in Paragraph No. 31 of the Complaint.

32.    Guardian admits that Plaintiff's medical records reflect certain neck, back, and related treatment.  These medical records are contained in the Administrative Record and speak

for themselves.  Guardian denies any and all remaining allegations contained in Paragraph No. 32 of the Complaint.

33.     Guardian admits that Plaintiff's medical records reflect certain neck, back, and related treatment.  These medical records are contained in the Administrative Record and speak for themselves.  Guardian denies any and all remaining allegations contained in Paragraph No. 33 of the Complaint.

34.     Guardian admits that Plaintiff's medical records reflect certain neck, back, and related treatment.  These medical records are contained in the Administrative Record and speak for themselves.  Guardian denies any and all remaining allegations contained in Paragraph No. 34 of the Complaint.

35.     Guardian admits that Plaintiff's medical records reflect certain neck, back, and related treatment.  These medical records are contained in the Administrative Record and speak for themselves.  Guardian denies any and all remaining allegations contained in Paragraph No. 35 of the Complaint.

36.     Guardian admits that Plaintiff resigned on April 26, 2018 and her last full day of work was May 3, 2018 according to information in the Administrative Record.  Guardian denies any and all remaining allegations contained in Paragraph No. 36 of the Complaint.

37.     Guardian denies the allegations contained in Paragraph No. 37 of the Complaint.

38.     Guardian admits that the elimination period under the Plan ended on or about August 7, 2018.  Guardian denies any and all remaining allegations contained in Paragraph No. 38 of the Complaint.

[6]

39.     Guardian admits that Plaintiff worked part-time in various capacities, including as a dental hygienist and for her husband's business.  Guardian denies any and all remaining allegations contained in Paragraph No. 39 of the Complaint.

40.     Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 40 of the Complaint and, therefore, denies them.

41.     Guardian admits that Plaintiff worked part-time at a ski school.  Guardian denies any and all remaining allegations contained in Paragraph No. 41 of the Complaint.

42.     Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 42 of the Complaint and, therefore, denies them.

43.     Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 43 of the Complaint and, therefore, denies them.

44.     Guardian admits that it approved benefits to Plaintiff under the "own occupation" period under the Plain.

45.     Guardian admits that it considered the term "Disability Earnings" in the plan in administering plaintiff's claim for benefits.  Guardian denies any and all remaining allegations contained in Paragraph No. 45 of the Complaint.

46.     Guardian denies the allegations contained in Paragraph No. 46 of the Complaint.

47.    Guardian admits that it issued a letter to plaintiff dated July 2, 2020.  The letter is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 47 of the Complaint.

48.    Guardian admits that it issued a letter to plaintiff dated July 2, 2020 that ceased benefit payments as of August 5, 2020.  The letter is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 48 of the Complaint.

49.    Guardian admits that it issued a letter to plaintiff dated October 1, 2020 based upon plaintiff's administrative appeal.  The letter is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 49 of the Complaint.

50.    Guardian admits that it issued a letter to plaintiff dated December 23, 2020 determining there was sufficient evidence to support disability of as August 6, 2020.  The letter is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 50 of the Complaint.

51.    Guardian admits that it issued a letter to plaintiff dated December 23, 2020 determining there was sufficient evidence to support disability of as August 6, 2020.  The letter is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 51 of the Complaint.

52.    Guardian admits that it approved and paid benefits for a period of time.  Guardian denies any and all remaining allegations contained in Paragraph No. 52 of the Complaint.

53.     Guardian admits that it issued a letter to plaintiff dated August 16, 2022 that denied additional benefits.  The letter is contained in the Administrative Record and speaks for itself. Guardian denies any and all remaining allegations contained in Paragraph No. 53 of the Complaint.

54.     Guardian admits that benefits ceased with its last payment prior to the August 16, 2022 letter.  Guardian denies any and all remaining allegations contained in Paragraph No. 54 of the Complaint.

55.     Guardian denies the allegations contained in Paragraph No. 55 of the Complaint.

56.     Guardian admits that it had certain surveillance performed regarding Plaintiff. Guardian denies any and all remaining allegations contained in Paragraph No. 56 of the Complaint.

57.     Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 57 of the Complaint and, therefore, denies them.

58.     Guardian admits that it was aware that Plaintiff worked on a part-time basis. Guardian also admits that Plaintiff declined to be examined by an independent medical examiner. Guardian denies any and all remaining allegations contained in Paragraph No. 58 of the Complaint.

59.     Guardian admits that it issued a letter to plaintiff dated August 16, 2022 that denied additional benefits.  The letter is contained in the Administrative Record and speaks for itself. Guardian denies any and all remaining allegations contained in Paragraph No. 59 of the Complaint.

60.     Guardian admits that it issued a letter to plaintiff dated August 16, 2022 that denied additional benefits.  The letter is contained in the Administrative Record and speaks for itself. Guardian denies any and all remaining allegations contained in Paragraph No. 60 of the Complaint.

Answer
1:24-cv-02709-NYW-TPO

61.     Guardian admits that plaintiff issued an appeal letter to it on or about September 28, 2022.  The letter is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 61 of the Complaint.

62.     Guardian admits that plaintiff's appeal letter included a physical capabilities evaluation.  This evaluation is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 62 of the Complaint.

63.     Guardian admits that it issued a letter to plaintiff dated December 16, 2022.  The letter is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 63 of the Complaint.

64.     Guardian admits that plaintiff submitted certain additional information after December 16, 2022, which Guardian duly considered.  This information is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 64 of the Complaint.

65.     Guardian admits that it issued a letter to plaintiff dated February 14, 2023 upholding the denial of benefits.  The letter is contained in the Administrative Record and speaks for itself.  Guardian denies any and all remaining allegations contained in Paragraph No. 65 of the Complaint.

66.     Guardian denies the allegations contained in Paragraph No. 66 of the Complaint.  Guardian informed plaintiff that the administrative process was complete, yet reviewed counsel's letter and enclosures for settlement purposes.

67.     Guardian denies the allegations contained in Paragraph No. 67 of the Complaint.  Guardian informed plaintiff that the administrative process was complete, yet reviewed counsel's letter and enclosures for settlement purposes.

68.    Guardian denies the allegations contained in Paragraph No. 68 of the Complaint. Guardian informed plaintiff that the administrative process was complete, yet reviewed counsel's letter and enclosures for settlement purposes.

69.    Guardian denies the allegations contained in Paragraph No. 69 of the Complaint. Guardian informed plaintiff that the administrative process was complete, yet reviewed counsel's letter and enclosures for settlement purposes.

70.    Guardian denies the allegations contained in Paragraph No. 70 of the Complaint.

71.    Guardian admits that benefits ceased with its last payment prior to its August 16, 2022 letter.  Guardian denies any and all remaining allegations contained in Paragraph No. 71 of the Complaint.

72.    Guardian denies the allegations contained in Paragraph No. 72 of the Complaint.

73.    Guardian denies the allegations contained in Paragraph No. 73 of the Complaint.

74.    Guardian admits Plaintiff exhausted the Plan's administrative remedies in February 2023. Guardian denies any and all remaining allegations contained in Paragraph No. 74 of the Complaint.

[sic]    73.    Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 73 of the Complaint and, therefore, denies them.

[sic]    74.    Guardian denies the allegations contained in Paragraph No. 74 of the Complaint.

75.    Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 75 of the Complaint and, therefore, denies them.

[11]

76.     Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 76 of the Complaint and, therefore, denies them.

77.     Guardian is without knowledge or sufficient information to form a belief as to the accuracy of the allegations contained in Paragraph No. 77 of the Complaint and, therefore, denies them.

78.     The provisions in the statute referenced in Paragraph No. 78 of the Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Guardian denies the allegations.

79.     The provisions in the statute referenced in Paragraph No. 79 of the Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Guardian denies the allegations.

80.     The provisions in the statute referenced in Paragraph No. 80 of the Complaint speak for themselves and, therefore, no response is required.  To any extent a response is necessary, Guardian denies the allegations.

81.     The allegations contained in Paragraph 81 of the Complaint set forth a legal conclusion to which no response is required.  To any extent a response is necessary, Guardian denies them.

82.     Guardian denies the allegations contained in Paragraph No. 82 of the Complaint.

83.     The allegations contained in Paragraph 83 of the Complaint set forth a legal conclusion to which no response is required.  To any extent a response is necessary, Guardian denies them.

[12]

84.     Guardian denies the allegations contained in Paragraph No. 84 of the Complaint, including all subparts.

85.     Guardian denies the allegations contained in Paragraph No. 85 of the Complaint.

86.     Guardian admits it is the payor of benefits and claims administrator for Group Plan No. G-00523756 issued to Thad B. Twiss DDS, PLLC.  Guardian denies any and all remaining allegations contained in Paragraph No. 86 of the Complaint.

87.     Guardian denies the allegations contained in Paragraph No. 87 of the Complaint.

88.     Guardian denies the allegations contained in Paragraph No. 88 of the Complaint.

89.     Guardian denies the allegations contained in Paragraph No. 89 of the Complaint.

90.     Guardian incorporates by reference its above responses herein.

91.     Guardian denies the allegations contained in Paragraph No. 91 of the Complaint.

92.     The terms of the Plan speak for themselves and, therefore, no response to the allegations contained in Paragraph No. 92 of the Complaint is required.  To any extent a response is necessary, Guardian denies the allegations.

93.     Guardian denies the allegations contained in Paragraph No. 93 of the Complaint.

94.     Guardian denies the allegations contained in Paragraph No. 94 of the Complaint.

95.     Guardian denies the allegations contained in Paragraph No. 95 of the Complaint.

96.     Guardian denies the allegations contained in Paragraph No. 96 of the Complaint.

97.     Guardian denies the allegations contained in Paragraph No. 97 of the Complaint.

98.     Guardian denies the allegations contained in Paragraph No. 98 of the Complaint, including all subparts.

99.     Guardian denies the allegations contained in Paragraph No. 99 of the Complaint.

[13]

100.    Guardian denies the allegations contained in Paragraph No. 100 of the Complaint.

101.    Guardian denies the allegations contained in Paragraph No. 101 of the Complaint.

102.    The allegations contained in Paragraph No. 102 of the Complaint set forth a legal conclusion to which no response is required.  To any extent a response is necessary, Guardian denies them.

103.    The allegations contained in Paragraph No. 103 of the Complaint set forth a legal conclusion to which no response is required.  To any extent a response is necessary, Guardian denies them.

104.    Guardian denies the allegations contained in Paragraph No. 104 of the Complaint.

105.    Guardian denies the allegations contained in Paragraph No. 105 of the Complaint.

106.    Guardian denies the allegations contained in Paragraph No. 106 of the Complaint.

107.    Guardian denies the allegations contained in Paragraph No. 107 of the Complaint.

108.    Guardian incorporates by reference its above responses herein.

109.    Guardian denies the allegations contained in Paragraph No. 109 of the Complaint.

110.    Guardian denies the allegations contained in Paragraph No. 110 of the Complaint.

111.    Guardian denies the allegations contained in Paragraph No. 111 of the Complaint.

112.    Guardian denies any and all allegations, statements, requests, prayers for relief, or other provisions contained in the Complaint that are not expressly admitted herein.

### SECOND DEFENSE

113.    Guardian acted reasonably with respect to the consideration and determination of Plaintiff's claims for benefits under the LTD plan.

[14]

<u>THIRD DEFENSE</u>

114.    Substantial evidence supports the determination concerning Plaintiff's claim for benefits under the LTD plan.

<u>FOURTH DEFENSE</u>

115.    Guardian properly exercised its discretion in considering Plaintiff's claim for benefits under the LTD plan.

<u>FIFTH DEFENSE</u>

116.    Plaintiff's claims are subject to ERISA.

<u>SIXTH DEFENSE</u>

117.    Plaintiff's claim for recovery is barred or limited by the terms of the Plan and/or any other applicable plan or policy documents.

<u>SEVENTH DEFENSE</u>

118.    Although Guardian denies liability, any benefits awarded under the plan are subject to integration, offsets, deductions, limitations in duration of benefits, and/or other provided benefits as set forth under the terms of the LTD plan.

<u>EIGHTH DEFENSE</u>

119.    Guardian acted in accordance with the documents and instruments governing the LTD plan in consideration of Plaintiff's claim for benefits.

<u>NINTH DEFENSE</u>

120.    Plaintiff is not entitled to certain requested relief and/or damages as inconsistent with ERISA and/or the terms of the plan documents.

[15]

TENTH DEFENSE

121.    Guardian reserves the right to set forth additional affirmative defenses, including those raised or become known during the course of this action.

WHEREFORE, having answered the Complaint, Defendant Guardian Life Insurance Company of America requests that all claims be dismissed with prejudice and that judgment enter in its favor for costs, expert witness fees, and attorneys' fees, and for such other relief as this Court deems appropriate.

DATED this the 18th day of November, 2024.

<div style="margin-left:50%">

Respectfully submitted,

*/s/ Franz Hardy*

Franz Hardy, Esq.
Abigail H. Kregor, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
akregor@grsm.com
*Attorneys for Defendant Guardian Life*
*Insurance Company of America*

</div>

[16]

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel of record on this the 18th day of November, 2024.

Eve-Lynn Gisonni, Esq.
SAXE DOERNBERGER & VITA, P.C.
25 Nutmeg Drive, Suite 140
Trumbull, CT 06611
egisonni@sdvlaw.com
*Attorney for Plaintiff*

*/s/ Franz Hardy*
Franz Hardy, Esq.
Abigail H. Kregor, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
akregor@grsm.com
*Attorneys for Defendant Guardian Life*
*Insurance Company of America*